IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND GAUNTT, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-500-GMS |
| | ) |
| DRILL INSTRUCTOR BYRD, SUSSEX | ) |
| BOOT CAMP FACILITY, and WARDEN | ) |
| RICK KEARNEY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff Raymond Gauntt, Jr. ("Gauntt"), a former inmate at the Sussex Boot Camp ("SBC") filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claims against Sussex Boot Camp and Warden Rick Kearney ("Warden Kearney") are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.   THE COMPLAINT**

Gauntt was an inmate at the Sussex Boot Camp, and he alleges that on March 17, 2005, he participated in an afternoon motivational session ("AMS") with the defendant Drill Instructor Byrd ("Byrd"). Gauntt alleges that after doing several exercises he was instructed to perform an exercise called "the Walrus." Gauntt alleges that at the time he was unaware the exercise was not a regular boot camp exercise and thought it was just an "extreme exercise" for AMS. Gauntt

alleges that he injured himself during the exercise.

He seeks damages for pain and suffering. Gauntt also asks that the SBC's training sessions be "more observed" by staff so injures will not occur.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Respondeat Superior

Warden Kearney is named as a defendant. Apparently Gauntt seeks to hold Warden Kearney liable on the basis of his supervisory position. Supervisory liability cannot be imposed under 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that Warden Kearney was the "driving force [behind]" the alleged constitutional violation. Moreover, the complaint does not indicate that Warden Kearney was aware of Gauntt's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Accordingly, the claim against Warden Kearney is dismissed inasmuch as it has no arguable basis in law or in fact.

#### B. Eleventh Amendment Immunity

The Delaware Department of Correction is an agency of the State of Delaware, and SBC, one of its facilities, is named as a defendant." Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an institution of

an agency of the State of Delaware, SBC is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

Gauntt's claim against SBC has no arguable basis in law or in fact inasmuch as it is immune from suit. Therefore, the claim is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV.    CONCLUSION

Based upon the foregoing analysis, the claims against the defendants Warden Kearney and Sussex Boot Camp are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Gauntt may proceed with his remaining claim. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND GAUNTT, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-500-GMS |
| | ) |
| DRILL INSTRUCTOR BYRD, SUSSEX | ) |
| BOOT CAMP FACILITY, and WARDEN | ) |
| RICK KEARNEY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 8th day of August, 2006, for the reasons set forth in the Memorandum issued this date, IT IS HEREBY ORDERED that:

1. The claims against the defendants Warden Kearney and the Sussex Boot Camp are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. The court has identified a cognizable claim within the meaning of 28 U.S.C. § 1915 and § 1915A(b) against the defendant Drill Instructor Byrd. Gauntt is allowed to proceed against this defendant.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Gauntt shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form (with his current address) for the **remaining defendant Drill Instructor Byrd**, as well as for the Attorney General of the State of

Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). Gauntt has provided the court with one copy of the complaint (D.I. 2) for service upon the remaining defendant. **Gauntt is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant and the Attorney General of the State of Delaware within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the completed "U.S. Marshal 285" form(s) as required by paragraph 2 above, the United States Marshal shall serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities

and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

UNITED STATES DISTRICT JUDGE

3